IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAGAN SUE WALKER, )
)
      Plaintiff, )
)
    v. ) Civil Action No. 15-56
)
COMMISSIONER OF SOCIAL )
SECURITY ADMINISTRATION, )
)
      Defendant. )

O R D E R

    AND NOW, this 2nd day of September, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh

the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's primary argument is that the Administrative Law Judge ("ALJ") gave insufficient weight to the opinions of her treating health care professionals – her psychiatrist Dr. Wally Novero, M.D., and her mental health therapist, Mira Franus, LSW. Plaintiff claims that these opinions, were they given the proper weight, would establish that she met Listings 12.04 and 12.06 at Step Two of the sequential process and/or would establish a more restrictive residual functional capacity ("RFC"). The Court disagrees and finds that substantial evidence supports the ALJ's treatment of the opinions of Dr. Novero and Ms. Franus, his formulation of Plaintiff's RFC, and his ultimate decision that Plaintiff is not disabled under the Social Security Act.

It is true that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 416.927(d)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429.

However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011)(internal citations omitted in part). Here, the ALJ included in his decision a substantial discussion as to why he weighed Dr. Novero's and Ms. Franus' opinions as he did and as to how he formulated Plaintiff's RFC.

As to Dr. Novero's opinion, the Court notes, as did the ALJ (R. 32), that the opinion consisted merely of checked boxes on a form with no significant explanation. (R. 333-34). The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's

2

obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Indeed, here, the evidence is particularly weak given the fact that Dr. Novero was presented with only a "yes or no" option as to whether Plaintiff had marked difficulties with her activities of daily living, maintaining social functioning, or maintaining concentration, persistence, or pace, and whether she had experienced repeated episodes of decompensation, each of extended duration. There is no evidence that any definition of the term "marked," or in fact of any of these terms, was provided or that, in fact, the doctor understood and applied those terms as they are used in Listings 12.04 and 12.06. Indeed, the fact that he was given only a "yes or no" option as to whether Plaintiff had marked limitations, rather than the option of choosing among the standard range of limitations (i.e., mild, moderate, marked, or extreme) makes it particularly unlikely that he meant to use those terms as they are used under the Act, particularly in light of the lack of any supporting explanation.

Further, the ALJ, in affording little weight to Dr. Novero's opinion, discussed that it was inconsistent with Plaintiff's mental health treatment record, conservative course of treatment, history of non-compliance with her medication, and activities of daily living, which the ALJ set forth in great detail. He further pointed out that the opinion of the state reviewing agent, Ray M. Milke, Ph.D., was less restrictive. The Court cannot say that the evidence cited by the ALJ was insufficient to support his decision, especially in light of the weak nature of Dr. Novero's opinion in the first place.

For many of the same reasons, substantial evidence supports the weight afforded by the ALJ to Ms. Franus' opinion. Like Dr. Novero's opinion, her opinion consisted of a completed checkbox form with virtually no supporting documentation. (R. 434-440). Her form contained the same "yes or no" option as did Dr. Novero's. Indeed, the fact that Ms. Franus opined that Plaintiff had experienced repeated episodes of decompensation, each of extended duration, a finding with no real record support, suggests that she did not use the terms in the form in the same way that those terms are used in regard to Listings 12.04 and 12.06. Further, as the ALJ discussed, as an LSW, rather than a psychologist or a psychiatric doctor, Ms. Franus is not considered an "acceptable medical source" within the meaning of the regulations; rather, she falls under the category of an "other source." 20 C.F.R. §§ 416.913(a) and (d). The ALJ did, though, properly consider her opinion pursuant to Social Security Ruling 06-03p, SSR 06-03p, 2006 WL 2329939 (S.S.A.) (2006). He explained that her opinion was inconsistent with the other evidence, including Plaintiff's progress notes. (R. 33). Moreover, he did not, as Plaintiff contends, find that Ms. Franus was not familiar enough to render an opinion; rather, he observed that Ms. Franus herself felt that she was unable to indicate when Plaintiff's limitations had begun. (R. 435, 440).

Plaintiff's argument that the ALJ erred in evaluating her credibility requires little discussion. The ALJ thoroughly discussed the inconsistencies between Plaintiff's testimony at the hearing and her communication with her treating physicians regarding her irritable bowel syndrome. He further discussed that Plaintiff's daily activities and treatment record were not consistent with her testimony that she was disabled. Finally, he discussed Plaintiff's history of non-compliance with treatment and, contrary to Plaintiff's contentions, actually cited to several examples in the record. (R. 27-31).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.